19174

Eddie MOSS, Respondent, v. MALONE FREIGHT LINES, INC.,
Appellant.

(179 S. E. (2d) 603)

*Messrs. Jones, Long & Barfield,* of Lexington, and *Frank
A. Graham, Jr.,* of Columbia, *for Appellant,*

*Messrs. J. Roy Berry,* of Johnston, and *Charles W. Coleman,* of Edgefield, *for Respondent,*

February 24, 1971.

BRAILSFORD, Justice.

This action for damage to plaintiff's dump truck, incurred in a collision with defendant's trailer which was overturned on the highway, resulted in a verdict for plaintiff for both actual and punitive damages. The defendant has appealed on sixteen exceptions which, according to the brief, raise two questions, as follows:

"Does the testimony show as a matter of law that the plaintiff was guilty of contributory negligence and contributory recklessness?

"Was the Trial Judge under the testimony adduced upon the trial of the case, as a matter of law, required to submit

the issue of recklessness, wilfullness or wantonness to the jury?"

Although defendant's equipment became disabled on the highway near a hillcrest some six hours before the daytime collision, the defendant failed to display warnings as required by Section 46-626 or, alternatively, those required by Section 46-627, Code of 1962. It was for the jury to determine whether, under all of the circumstances, the defendant's violation of the statute amounted to recklessness and willfulness and was a proximate cause of plaintiff's injury.

The answer of the defendant pled contributory negligence but did not plead contributory recklessness or willfulness, and the motions made at the trial conformed strictly to the answer on this point. Therefore, the claim that the only reasonable conclusion from the evidence is that the plaintiff was guilty of contributory recklessness raises no issue for determination by us, and the first question stated in the brief need not be answered.

Our conclusion that the testimony raised a jury issue as to the defendant's recklessness and willfulness requires that the second question be resolved against defendant's contention.

Affirmed.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.